JOSEPHINE BUTLER *vs.* THE HYPERION THEATRE COMPANY, INCORPORATED.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

The mere fact that a servant is disobeying his master's secret instructions will not *per se* relieve the master of liability for the servant's negligence, for a servant may be engaged in the execution of his master's business within the scope of his employment, although, in conducting that business, he is negligent, disobedient and unfaithful.

The intent of a servant in following a course of conduct which is contrary to his master's instructions, is a material element in determining whether or not such conduct was in the execution of the master's business within the scope of his employment, or was conduct indulged in contrary to his duty and solely for a purpose of his own.

In the present case a servant, whose duties involved the driving of his master's automobile, was delayed in the performance of his morning's work and drove directly to his home for luncheon, thus violating his master's instructions to return the automobile to his place of business each noon and leave it there during the luncheon hour. *Held* that the jury might reasonably have found that it was not the intention of the servant to abandon the business of the master and use the vehicle solely for the transaction of his own business; and that the servant while so driving to his home was still engaged in the execution of his master's business within the scope of his employment, even though he was disobedient.

The denial of a motion to direct a verdict for the defendant is not assignable error.

An allegation that the defendant was "not operating the automobile at the street intersection lawfully," is a sufficient averment of the defendant's violation of any statutory rule of conduct which is applicable to driving at such an intersection.

The violation of a statutory rule of conduct by the operator of a motor-vehicle is negligence in and of itself, in the absence of any peculiar conditions which modify the operator's statutory duty.

A witness, having testified on the direct examination that his attention had been attracted by the speed of the defendant's truck, was then asked whether he had called the attention of anyone else to the rapid rate at which it was going. *Held* that the answer was clearly admissible as tending to show the degree of attention with which the witness had observed the speed.

Argued January 22d—decided March 31st, 1924.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant's servant, brought to the Superior Court in New Haven County and tried to the jury before *Avery, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant. *No error.*

The plaintiff claimed to have proved these facts: On October 15th, 1921, at about half past one o'clock in the afternoon, she was walking on Dixwell Avenue, New Haven, crossing Foote Street as it intersects that avenue, and in the exercise of due care, when she was struck and severely injured by a Ford commercial car, negligently driven by one Garrison. Garrison was then in the regular employ of the defendant as a theatre bill poster. The defendant furnished him with the car to facilitate the performance of his duties of bill posting and the distribution of advertising matter. This car was used by Garrison alone, and was kept in a garage procured by him located near his home on Foote Street. Garrison in performing his duty took the car from the garage in the morning and returned it at the end of his day's work.

On that day Garrison was operating the automobile in the performance of his duties and had left the Hyperion Theatre in the morning with his advertising material, and at the time that the plaintiff received the injuries which were the basis of this action, he had not returned to the theatre, but was still in the act of performing his duties for the company and had in the automobile his paste and brush and certain advertising matter.

At the time of the collision with the plaintiff, the defendant's car was being driven by the defendant's servant (Garrison) while engaged in the execution of the master's business within the scope of his employment.

The defendant, admitting that Garrison was in its

regular employ as a bill poster, claimed to have proved as follows: Garrison at the time of his employment, was specifically instructed by the defendant's general manager to bring the automobile in front of the Hyperion Theatre on Chapel Street at noon on each day after the morning work, and to leave the car there during the luncheon hour while he went for his luncheon, and after lunch to return to the theatre and the car. The purpose of his taking the car to the front of the theatre at noon was to report progress and to have the afternoon work laid out for him, and to be furnished with advertising matter for distribution. On the day of the accident Garrison worked in the southerly part of the city in the morning, and because he was a little late he of his own accord, and contrary to the above instructions, then operated the car in the westerly part of the city on Dixwell Avenue, and stopped at a store to make a purchase for his home, and then proceeded in a northerly direction on Dixwell Avenue to the corner of Foote Street, for the purpose of going home for his luncheon, and in so doing was not engaged in the execution of his master's business at the time of the accident.

*Benjamin Slade,* for the appellant (defendant).

*Philip Pond* and *Raymond E. Baldwin,* for the appellee (plaintiff).

CURTIS, J. The first reason of appeal is that the court erred in denying the defendant's motion to set aside the verdict as contrary to the evidence, which was made a part of the record. The essential question presented by this motion is whether under the evidence the jury could have reasonably found a verdict for the plaintiff.

This ground of error is based on the claim that the evidence establishes conclusively that at the time of the accident the driver of the car was disobeying instructions, and was, therefore, not engaged in the execution of the defendant's business within the scope of his employment.

The defendant claims that the evidence shows that Garrison had specific directions to bring the car to the front of the Hyperion Theatre on Chapel Street at noon of each day and leave it there during the luncheon hour, and then go and get his lunch and return for the car and new instructions; that on this day he did not bring the car and leave it in front of the theatre at noon, but used the car at that time and started to go to his home in it for lunch contrary to his unmodified instructions. The defendant claims that these facts show that at the time of the collision he was not using the car in the execution of the defendant's business, and therefore the defendant was not liable for his negligence.

The defendant claims, apparently, that this act of the servant contrary to specific instructions is necessarily outside the scope of his employment, and not the act of the master. The law falls far short of sustaining such a strict interpretation of an act of a servant in disobedience to a specific direction of a master. We say in *Loomis* v. *Hollister*, 75 Conn. 718, 723, 55 Atl. 561: "The servant may be engaged in the execution of the master's business within the scope of his employment, although, in conducting that business, he is negligent, disobedient and unfaithful." It was pertinently said by Willes, J., in *Limpus* v. *London General Omnibus Co.*, 1 Hurl. & Colt. 538, that "the law is not so futile as to allow a master, by giving secret instructions to his servant, to discharge himself from liability." An inquiry as to a master's liability for a servant's

negligence does not therefore end in his favor, when the fact appears that some instruction by the master to his servant has been disobeyed, which disobedience of the servant created the condition under which the accident in question occurred. The intent of a driver of a vehicle in following a certain course of conduct, even if disobedient, is a material element in determining whether or not his conduct was in the execution of the master's business within the scope of his employment, or was conduct indulged in contrary to his duty and solely for a purpose of his own. *Donahue* v. *Vorenberg*, 227 Mass. 1, 116 N. E. 246; *Ritchie* v. *Waller*, 63 Conn. 155, 161, 28 Atl. 29.

Under the evidence in this case the jury could reasonably have found that Garrison, the servant, was delayed in his work on the forenoon of the day in question and was late, and that he reasonably believed he could perform the essentials of his employment in bill posting with greater advantage to his master, if instead of driving late to the theatre at luncheon time, he drove first to his home and lunched and then drove to the theatre for instructions for his afternoon work, and that solely with intent to further and aid in the performance of his master's business, he adopted that course of conduct. It is apparent, therefore, that the jury could reasonably have found that at the time of the collision Garrison was engaged in the execution of the master's business within the scope of his employment, and it could not be questioned that with such a finding a verdict for the plaintiff could reasonably have been found. The situation disclosed by the evidence presents the condition set forth in *Loomis* v. *Hollister, supra*, as presenting a question of fact for the jury. We there say: "But where it is conceded that a servant is using his master's team within the scope of his employment and that he departs from the instructions of his

master for some purpose of his own, and the conflicting claims are made, on the one hand that the departure indicated a disobedient or unfaithful conduct of his master's business, and on the other hand that the departure indicated an abandonment of that business and a taking of the team by the servant without authority and solely for the transaction of his own business, and the circumstances supporting these conflicting claims are of such doubtful import that a trier might, not unreasonably, reach either conclusion, a question of fact is presented which should be determined by the jury in view of the instructions of the court as to the true meaning of the rule of law governing the master's liability in such case." To the same effect see *Ritchie* v. *Waller, supra,* and *Perry* v. *Haritos,* 100 Conn. 476, 124 Atl. 44. As appears in *Loomis* v. *Hollister, supra,* the vital inquiry in this type of case is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business and a taking of the vehicle without authority and solely for the transaction of his own business. This is ordinarily a question of fact for the jury or other trier. *Ritchie* v. *Waller, supra; Perry* v. *Haritos, supra.* The court did not err in refusing to set aside the verdict as against the evidence.

The claim of error based on the refusal of the court to reduce the amount of the verdict, we find not sustainable. An examination of the evidence as to the plaintiff's damages arising from the injuries suffered by her, shows that the jury could reasonably have found the verdict rendered in that particular.

The allegation of error in the court's denial of the motion to direct a verdict for the defendant is not well taken, as such denial is not assignable error. *Dimon* v. *Romeo,* 99 Conn. 197, 203, 121 Atl. 352.

The defendant made nine requests to the court to charge the jury, which the court refused to give; the refusal to give each of these requests is alleged as an error.

The first request was in substance given; the second, third, fourth, fifth, seventh, ninth, fourteenth, and fifteenth requests are to this effect: that if Garrison, in violation of his instructions, used the car to go to his home for lunch, your verdict must be for the defendant. The vice of each of these requests is that it is in substance a request that the court direct the jury to render a verdict for the defendant if they find that Garrison disobeyed an instruction. As we have already said, the servant may be engaged in the execution of the master's business within the scope of his employment, although in conducting that business he is negligent, *disobedient* and *unfaithful.* In other words, the mere disobedience of a servant does not necessarily absolve the master from liability. All the circumstances of the employment and of his conduct, including his intent, are to be considered by the trier in determining as a matter of fact whether or not in the particular conduct involved he was or was not acting in the execution of the master's business within the scope of his employment, although disobeying some instruction. *Loomis* v. *Hollister, supra.* The eight requests to charge not given were properly refused, because they involve a direction of a verdict where the evidence under our law creates a question of fact for the jury.

Assignments of error numbered thirteen, fourteen, sixteen, seventeen and eighteen, relate to claimed errors in certain specified portions of the charge. The defendant's objection to these various portions of the charge is in substance that although there was undisputed evidence that the defendant had given Garrison specific directions "to bring the automobile in front of

the Hyperion Theatre on Chapel Street at noon each day and leave it there during the luncheon hour," and that on the day in question Garrison disobeyed this instruction, and drove the car elsewhere without receiving permission from the defendant, and while he was so driving the car elsewhere the collision in question occurred, yet the court left it for the jury to say whether or not the servant, so disobedient, was then acting within the scope of his employment in the execution of the master's business. The defendant claims that under the admitted fact of the disobedience of the servant in the use of the car at noon on the day in question, the jury should have been charged unequivocally that the plaintiff could not recover. The vice of the defendant's claim is the same as that underlying the preceding claims of error, to wit, a claim that it is the law that conduct of a servant in disobedience of a master's instruction, necessarily and of itself absolves the master from liability for negligence of a servant while so disobeying instructions. We have already shown that this view is a misconception of our law. These portions of the charge objected to correctly leave it for the jury to determine whether, under all the circumstances, the driver in his conduct at the time of the collision was engaged in the execution of the master's business within the scope of his employment. *Ritchie* v. *Waller, supra; Loomis* v. *Hollister, supra; Perry* v. *Haritos, supra.* The assignments of error are not well taken.

The nineteenth assignment of error is that the court improperly instructed the jury as follows: "In regard to this statutory rule of conduct, if there was a violation of this statutory rule on the part of the operator of the motor car that would be negligence in and of itself." The defendant asserts, in the first place, that the complaint did not allege any claim of a breach of a statutory rule of conduct. The complaint alleged the

negligence of the driver as follows: "The injuries and consequent damage to the plaintiff were caused solely by the negligent, careless and reckless conduct of the operator of the defendant's automobile in that he ran the automobile at that place without due warning, without keeping a sharp lookout for foot passengers, without having his automobile under control so that he could avoid running into the plaintiff; in operating his automobile at a high and unreasonable rate of speed, having reference to the time and place, the condition of the highways at the intersection and the traffic thereon and the presence of foot passers at that place, and in not operating the automobile at that intersection lawfully and with due regard to the rights of others." The final allegation of "not operating the automobile at the intersection lawfully," is a sufficient allegation of any statutory rule of conduct applicable to driving at an intersection. If the defendant desired a more particular statement as to the unlawful operation charged, it should have moved for such a statement.

Where the State regards certain acts as so liable to injure others as to justify their absolute prohibition, doing the forbidden act is a breach of duty in respect to those who may be injured thereby. Such a breach of duty is established by proving the commission of the illegal act. The commission of the illegal act in such case is commonly spoken of as negligence. *Monroe* v. *Hartford Street Ry. Co.*, 76 Conn. 201, 206, 56 Atl. 498. There was no claim in this case that any peculiar conditions at the intersection modified the servant's statutory duty. The court did not err in charging the jury in the terms of the above excerpt from the charge.

A ground of error is alleged in relation to a ruling upon the admission of evidence. A witness testified for the plaintiff that he was standing at the corner of Foote Street and Dixwell Avenue and saw Garrison

drive into Foote Street at a rapid rate. On cross-examination the defendant endeavored to show that the witness was not in a position to see or know the speed of the car. On redirect examination, the following occurred: "Q. Why did you keep your eyes on this truck from the time you saw it come out of Webster St.? A. The rapid rate it was going was all that attracted my attention. Q. Do you remember or not whether you called anybody's attention to that rapid rate?" To this question the defendant objected, and upon its admission duly excepted. The witness answered, "I did." This was clearly admissible. "Any ancillary facts tending to arrest and fix the attention of a witness may be shown." The degree of attention with which a witness has observed phenomena testifed to by him is relevant to affect its probative force. Chamberlayne on Evidence, Vol. 3, p. 3378, § 2500; *Tomlinson* v. *Derby*, 43 Conn. 562.

There is no error.

In this opinion the other judges concurred.