NICOLO RINALLI, ADMINISTRATOR (ESTATE OF JOHN RINALLI) *vs.* SAMUEL A. KURTZ ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 9th—decided June 27th, 1933.

*Samuel M. Silver,* with whom was *Joseph B. Morse,* and, on the brief, *Daniel D. Morgan,* for the appellant (defendant Kurtz).

*Benjamin F. Goldman,* for the appellee (plaintiff).

AVERY, J.   The plaintiff brought this action as administrator of the estate of John Rinalli, a boy twelve years of age, who, on July 17th, 1931, received fatal injuries from an automobile on a brake-testing machine owned by the defendant Samuel A. Kurtz.   The action was brought by the plaintiff against Kurtz, Morton C. Bulkley and Frank Gambardella.   After a trial, the jury brought in a verdict in favor of the plaintiff against Kurtz and Gambardella but in favor of Bulkley.   Kurtz moved to set the verdict aside, which motion was denied by the court.   On this appeal, the assignment of error most strongly urged is the action of the court in refusing to set aside the verdict.

From the evidence, the jury might reasonably have found that Kurtz was the owner of real estate in New Haven at 269 Ferry Street and 156 Exchange Street; that on the property there was a building containing a store and office room in which were kept for sale tires and automobile accessories, and also a garage and repair shop, in front of which was a brake-testing machine.   All of these buildings were under one roof. There was also a separate garage for washing automobiles and seven gasoline pumps in front of the office and repair shop.   In the part of the building containing the store and office room, Kurtz conducted an automobile accessory business, and, at the time of the accident to plaintiff's decedent, he had in his employ, in connection with that business, Howard Bozzell and Frank Gambardella.   The brake-testing machine was owned by Kurtz and was installed by him about a year and a half before the accident, and he maintained it. The defendant Bulkley operated this machine and the garage.   On the day before the accident, Bulkley hired the deceased to watch the premises for a couple of

hours, and he was also on the premises helping the day of the accident. During the afternoon of July 17th, Bulkley placed an Auburn automobile upon the brake-tester and, as he was leaving to go across the street, he requested Gambardella to move the automobile further onto the machine. Gambardella started up the automobile to move it, and, in so doing, he ran against the Rinalli boy and caused his death.

The vital dispute between the parties on this appeal is whether Gambardella was acting as an agent of Kurtz, and within the scope of his employment at the time of the injury to the Rinalli boy. It was the contention of the plaintiff that Bulkley was acting in a mere supervisory capacity over the brake-testing machine and garage, that Kurtz was at all times in control of the entire place, and that Bulkley was acting under him in conducting these departments. Kurtz, on the other hand, claimed that he rented the brake-tester and garage about two months before the accident to Bulkley and a partner, and that he, Kurtz, had nothing to do with the operation of these departments at the time of the accident.

As bearing upon this point, there was evidence that Gambardella and Bozzell, the employees of Kurtz in the tire shop, on occasion assisted Bulkley around the brake-testing machine and in other ways in his repair work, and that Bulkley attended the gasoline pumps and helped other employees of Kurtz in work around the gas station when occasion required. On the walls of an adjacent building, owned by Kurtz, and on signs over the service station were printed in large letters the words "Free brake testing." A large tank of kerosene and several automobiles belonging to Kurtz were stored in the repair garage, and brake lining for repairing brakes was stored in the store and office building where the accessories were located. There was also

testimony that previous to, at about the time of, and subsequent to the accident, Kurtz distributed advertising cards to his customers reading as follows: On the front—"The holder of this card is entitled to a free greasing service on our up-to-date equipment, by the purchase of one hundred gallons of gasoline and five quarts of oil." In one corner was printed "S. A. Kurtz, Prop.," and, in the other corner, the phone number. On the back was printed, "Ideal Auto Service consists of tires, gas, oil, greasing, batteries and brake service. Our special, Tyr-welder Vulcanizing. The patch you can't see."

The evidence adduced, if believed by the jury, was sufficient to justify it in drawing the inference that Kurtz was interested in the operation of the brake-testing machine upon his property at the time of the accident, and that it was within the scope of the employment of his employee Gambardella to assist Bulkley in the operation of the machine when occasion required; or, if the jury did not draw this inference, the alternative inference was permissible that even if it was not the duty of Gambardella to assist in the operation of the machine, his doing so was not such a deviation from his employment as to absolve his master from responsibility therefor. In either event, whether Gambardella was acting within the scope of his employment was, under the circumstances of this case, a question of fact for the jury. *Butler* v. *Hyperion Theatre Co., Inc.*, 100 Conn. 551, 555, 124 Atl. 220; *Garriepy* v. *Ballou & Nagle, Inc.*, 114 Conn. 46, 51, 157 Atl. 535; *Ritchie* v. *Waller*, 63 Conn. 155, 162, 28 Atl. 29; *Loomis* v. *Hollister*, 75 Conn. 718, 722, 55 Atl. 561; *Stone* v. *Hills*, 45 Conn. 44, 47. The court did not err in refusing to set aside the verdict.

The appellant also claims error in submitting to the jury the liability of Kurtz as principal when there was

no allegation in the complaint to the effect that he was a principal, and that Gambardella was acting as his agent. It is true that the complaint is inartificially drawn; but in the seventh paragraph of the complaint, it is alleged that the plaintiff's intestate, at the time of the injury, was guiding Gambardella "an employee . . . of Kurtz" in placing the automobile upon the brake-testing machine, and in the amendment it was alleged that all of the defendants were negligent in causing, permitting, using and consenting to the use of the brake-testing machine by themselves, their servants and agents. It is true that nowhere in the complaint is it alleged that Gambardella was acting within the scope of his employment as an employee of Kurtz, but no objection was made to the sufficiency of the complaint in this regard. The finding shows that Kurtz requested the court to charge the jury upon the question whether Gambardella was acting within the scope of his employment and the court did charge upon the question. It is too late after verdict is rendered to raise an objection upon the ground that the complaint did not allege that Gambardella was acting within the scope of his employment. *Shea* v. *Hemming,* 97 Conn. 149, 151, 115 Atl. 686.

The defendant claims upon his appeal that the complaint alleged only a joint enterprise on the part of himself and Bulkley, and that, therefore, there could not be a judgment against one and not against the other. Nothing indicates that Kurtz raised this question at the trial; but, as already pointed out, he requested instructions specifically based upon the possibility of Kurtz being liable as an employer of Gambardella, and the court charged in substantial accord with those requests, treating the complaint as alleging an alternative liability on the part of Kurtz and Bulkley according as they found Gambardella to be acting as

the agent of one or the other at the time of the accident. The complaint does not specifically allege a joint enterprise on the part of Kurtz and Bulkley and does contain an allegation that Gambardella was acting as the agent of Kurtz. It is true that at one point in the trial, as appears from the transcript of evidence, the plaintiff's attorney did say in discussing a ruling on evidence that the complaint set up a joint enterprise. That this represented his final claim in the matter, nothing in the record indicates, and it certainly was not the basis upon which the case was submitted to the jury. In the absence of any claim by Kurtz at the trial that he and Bulkley were engaged in such an enterprise and the contrary theory adopted by him in his requests to charge, he is not now in a position to press that claim upon his appeal. Upon the basis of an alternative liability of Kurtz and Bulkley, which was that upon which the trial court based its instructions, the verdict against Kurtz upon the ground that Gambardella was acting as his agent would justify if not require a verdict for Bulkley.

There is no error.

In this opinion the other judges concurred.