OLVENA HOBLIT, Appellee, v. CARRIE SCHNEPF, Appellee; HERMAN OLDEMEYER, Appellant.

No. 45486.

FEBRUARY 11, 1941.

Clem & Miller, for appellant.

Griffin & Griffin, for appellee Olvena Hoblit.

Hallagan, Fountain, Steward & Cless and Shull & Stilwill, for appellee Carrie Schnepf.

WENNERSTRUM, J.—On August 13, 1939, Herman Oldemeyer, the defendant-appellant was the operator of a garage and filling station located in Sioux City, Iowa. The garage is a one story building and is about 125 feet long and 75 feet wide. There was room for 75 or 80 cars in the part used for the storage of cars, and at the time of the alleged negligence of defendant's employee there were approximately four or five cars in the garage. The appellant, Oldemeyer, states in his testimony that at that time there was ample room for the movement of cars. A portion of the front of the building had been remodeled and set back and gasoline pumps and tanks placed in the drive. The evidence shows that the sale of oils and gasoline was a substantial part of the business carried on by Oldemeyer.

One of the patrons of the garage for storage purposes was Carrie Schnepf. She had previously stored her car in this garage from about July 15, 1938, until about January 1, 1939. Beginning again about August 1, 1939, Miss Schnepf kept her car in appellant's place of business at nights and at other times when she was not using it.

Oldemeyer had two employees, one of whom was one Pete Lutz. He was the night man employed by the defendant-appellant and Oldemeyer testified Lutz was employed to act only as watchman and oil station attendant. When he first began his work, upon inquiry by Oldemeyer, Lutz stated that he could not drive an automobile and did not have a driver's license. He was advised by Oldemeyer that this fact made no difference inasmuch as he did not intend to have him drive any cars and that he did not want him driving cars.

About 7:30 o'clock on the evening of August 13, 1939, Carrie Schnepf came to the garage for the purpose of obtaining her car. At the time of her arrival she entered the garage through the large doors that opened into the storage part. At the time Miss Schnepf came Lutz was the only person in charge although Oldemeyer and his wife arrived shortly thereafter and were in their place of business at the time of the collision that occasioned this litigation. Miss Schnepf asked the attendant, Lutz, to get her car for her and was informed by him that he was not allowed to drive it out of the garage. Miss Schnepf then told him she did not want him to drive it out of the garage but only wanted him to get it out of the place where it was parked.

Lutz took charge of the car, and while getting it out of the place where it had been stored raced the engine. Oldemeyer, who had arrived at the garage just a short time before, came out to where Lutz was, and according to Oldemeyer's testimony, told him he didn't want him driving cars and he didn't even want him in them. Lutz replied: "I backed it in here and I can drive it out." Lutz then put the car in gear and, according to Oldemeyer, "away he went"—and apparently he did. He did not stop for Miss Schnepf, who was near the large garage doors leading to the street, but he did get close enough to the doors for the car to scrape them as he went out toward the street. Miss Schnepf stated that it was her opinion that he was then traveling at a speed of 30 or 35 miles an hour. Lutz continued in possession of the car, if not in control of it, as he proceeded toward the street. Upon reaching the street the Schnepf car struck the automobile of Olvena Hoblit, the plaintiff-appellee. The car was at that time being driven by plaintiff-appellee along the street adjacent to the garage. The car was damaged and the plaintiff received personal injuries. She brought an action against Carrie Schnepf, the owner of the car driven by Lutz, and also against Oldemeyer, the employer of Lutz. There was a trial to a jury who returned a verdict against both defendants. Oldemeyer alone appeals. The evidence discloses that on a previous occasion, Lutz had endeavored to park the Schnepf car and had bumped into another car and crushed a fender of the Schnepf car. This damage had been repaired by Oldemeyer but Miss Schnepf had not been informed of this incident and did

not learn of it until after this last accident. On that occasion Oldemeyer stated that he told Lutz never to drive another automobile. Lutz did not return to work the next evening following the collision with the Hoblit car and has not been located or seen since that time by any of the interested parties.

The first error complained of by counsel for Oldemeyer, defendant-appellant, is that the verdict is contrary to the evidence and is not sustained or supported by sufficient evidence that Pete Lutz, at the time of the accident, was acting within the scope of his employment as an employee of the defendant Oldemeyer, in driving the Schnepf car out of the Oldemeyer garage. It is contended by counsel for Oldemeyer that there should have been a directed verdict for this defendant.

In the case of Orris v. Tolerton & Warfield Co., 201 Iowa 1344, 1350, 207 N. W. 365, 368, this court speaking through Justice Morling stated:

"Disregard of instructions, or mere deviation by Taylor from his strict line of duty, though for purposes of his own, would not, of itself, relieve defendant from responsibility. The departure must have been so substantial as to amount, for the time being, to an abandonment of the business of the defendant, and to the serving of some purpose wholly independent of it. [Citing:] Jones v. Lozier, 195 Iowa 365; Curry v. Bickley, 196 Iowa 827; Rowland v. Spalti, 196 Iowa 208; Traynor v. Keefe Const. Co., 199 Iowa 575; Baker v. Allen & Arnink Auto Rent. Co., 231 N. Y. 8 (131 N. E. 551); Ritchie v. Waller, 63 Conn. 155 (28 Atl. 29, 38 Am. St. 361, 27 L. R. A. 161); Loomis v. Hollister, 75 Conn. 718 (55 Atl. 561); Thomas v. Lockwood Oil Co., 174 Wis. 486 (182 N. W. 841); McKeage v. Morris & Co. (Tex. Civ. App.), 265 S. W. 1059; Gulf Ref. Co. v. Texarkana & Ft. S. R. Co. (Tex. Civ. App.), 261 S. W. 169.

"Whether the servant at a given time is acting within the scope of his employment must usually be decided not only from the established facts, but from presumptions and inferences raised by them. The question is usually one of fact for the jury, and rarely one which may be disposed of by the court, as a matter of law. [Citing:] Seybold v. Eisle, 154 Iowa 128, 135; Gulf Ref. Co. v. Texarkana & Ft. S. R. Co. (Tex Civ. App.), 261 S. W. 169; Michael v. Southern Lumber Co. (N. J.), 127 Atl. 580; Ven-

ghis v. Nathanson (N. J.), 127 Atl. 175; Ritchie v. Waller, 63 Conn. 155 (28 Atl. 29, 38 Am. St. 361); Loomis v. Hollister, 75 Conn. 718 (55 Atl. 561); McKeage v. Morris & Co. (Tex. Civ. App.), 265 S. W. 1059; 39 Corpus Juris 1361, 1362.''

In the present case the evidence shows that the defendant-appellant, Oldemeyer, had only two employees, and that Lutz was what was termed the night man.. It is further shown that Oldemeyer was at the garage usually a portion of each evening but it is not disputed that he maintained a 24-hour service. During a part of each night Lutz was the only man in charge. Shortly prior to the accident Oldemeyer had been away from his place of business for a period of time by reason of illness and during that time the business had been carried on by the day man and Lutz. There is evidence that the day man, who was also the mechanic, came back to the garage and filling station for a portion of the evenings while Oldemeyer was away but that following the day man's departure Lutz was in sole charge of the garage and filling station. It is the claim of Oldemeyer that patrons of the garage who brought their cars into his place of business at night parked them and if they wished to take them out during the night they drove them away without any assistance from an employee. It is Oldemeyer's further claim that usually there were only a few cars in the storage garage and the owner was able to do so without any assistance.

Under the holdings of the case of Orris v. Tolerton & Warfield Co., supra, this court here holds that from the established facts as presented in this case and from the presumptions and inferences raised by them the lower court was correct in submitting the fact question to the jury as to whether Lutz, the employee, was at the time of the accident, acting within the scope of his employment.

Counsel for appellant have cited the cases of Healy v. Patterson, 123 Iowa 73, 98 N. W. 576; Alcock v. Kearney, 227 Iowa 650, 288 N. W. 785. The statement of law as set forth in these cases is correct but the principles there announced are not substantially applicable to the facts in this present case and in no way justify the court in here holding that the case was not one for the jury. It might be stated that the question as to whether Lutz was acting within the scope of his employment is a close one

under the evidence and in view of our later holding that this case must be reversed this phase of the case might be covered and amplified more fully on a new trial.

It is also claimed that the court erred in giving certain instructions. Particular complaint is made as to the giving of two instructions:

In instruction No. 11 the court stated the grounds upon which the plaintiff could recover, stating in substance that if the driver of the car belonging to the defendant Carrie Schnepf was guilty in any one or more of the grounds of negligence alleged by the plaintiff as referred to in a prior instruction and such negligence, if any, was the proximate cause of the injuries and damages to the plaintiff, and that the plaintiff was free from contributory negligence, then plaintiff would be entitled to recover in some amount. It will be observed that nowhere in this general instruction as to the conditions under which plaintiff could recover is there reference made to the requirement that, as far as the defendant Oldemeyer is concerned, there must be a finding by a preponderance of the evidence that Lutz was acting within the scope of his employment. This was the main contention as far as Oldemeyer was concerned.

It is true that the question as to the proof required to show that Lutz was acting within the scope of his employment and authority was commented upon in instruction No. 15. It is the contention of counsel for Oldemeyer, defendant-appellant, that instruction No. 11 was erroneous in that the court failed to instruct the jury before the verdict could be for the plaintiff and against the defendant Oldemeyer, it would be necessary for the plaintiff to prove by a preponderance of the evidence, the burden to be on her so to prove, that Pete Lutz was acting within the scope of his authority and employment as an employee of the defendant Oldemeyer, and that the court did not in any way call to the attention of the jury that the instructions contained in instruction No. 11, were subject to anything that might be stated in any other instruction.

We are conscious of the fact that this court in several decisions has held that instructions must be read and considered as a whole. See Foy v. Metropolitan Life Insurance

Co., 220 Iowa 628, 263 N. W. 14; Laudner v. James, 221 Iowa 863, 266 N. W. 15. However, in this present case we have concluded that these holdings of our court are not applicable in the present case.

There was no question in the case but that Lutz was negligent and that apparently Carrie Schnepf was liable in damages. The only other question then remaining was by reason of the claim of Oldemeyer that Lutz was not acting in the course of his employment. This being the situation we have concluded that inasmuch as the court failed to include that issue in instruction No. 11, that said instruction conflicted with instruction No. 15.

Attention is called to the case of Smith v. Middle States Utilities Co., 224 Iowa 151, 161, 275 N. W. 158, 164, where this court held:

" * * *. The fourth instruction contained five definite matters which the court told the jury positively, if found in favor of the plaintiffs, would entitle the plaintiffs to a verdict on their claim of fraud. This instruction contained no reference to further instructions in which a defense of the statute of limitations would be considered, and which might deprive the plaintiffs of the verdict to which they would otherwise be entitled by proving the five matters set out in instruction No. 4. Instructions Nos. 8, 13, and 14, which deal with the defense of the statute of limitations, do not in any way refer to instruction No. 4 or tell the jury that, notwithstanding they may have found in favor of the plaintiffs on the five matters therein set out, the defense of the statute of limitations, if established, would prevent a verdict in favor of the plaintiffs. In such a situation we do not believe that the general instruction, that the jury is to consider and construe all instructions together in reaching its verdict, cures the prejudice arising from the positive and unqualified language employed. We think that, in making the positive statement contained in instruction No. 4, without any qualification and without reference to the defense of the statute of limitations, and in failing to make any reference to or explanation of this statement in the later instructions as to the defense of the statute of limitations, the court committed prejudicial error. See McDivitt v. Des Moines

1092

City Ry., 141 Iowa 689, 118 N. W. 459; Christy v. City Railway, 126 Iowa 428, 102 N. W. 194; State v. Keasling, 74 Iowa 528, 38 N. W. 397; Hoover v. Haggard, 219 Iowa 1232, 260 N. W. 540.''

It is quite apparent that the holding in Smith v. Middle States Utilities Co., supra, is applicable to the present case. Instruction No. 11 should have included the defense commented upon in instruction No. 15 or, at least, it should have referred to such defense on the part of the claimant and to the comments as noted in the later instruction No. 15.

By reason of this error, we hold that the case should be reversed and remanded.—Reversed and remanded.

HALE, C. J., and STIGER, SAGER, BLISS, MILLER, and OLIVER, JJ., concur.

GARFIELD, J., concurs in result.