[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, East Hartford Board of Education ("Board"), has moved to strike eight of the ten counts of the Amended Complaint dated September 2, 1997. The plaintiff seeks to recover from the Board because he was sexually abused by Gary Booth, a teacher in the East Hartford School system.
Allegations of the Complaint
The Amended Complaint alleges that the plaintiff. Christopher R. Coupe, was "at all times material to this complaint" "a student at East Hartford High School." ¶ 3. It does not allege that Gary Booth was a teacher at East Hartford High School, but only that he was "a teacher in the East Hartford School system" who "had been the plaintiff's fourth grade music teacher in the Mayberry Elementary School." ¶¶ 4, 5. It CT Page 2001 further alleges that in the Fall of 1988 the plaintiff was a freshman at East Hartford High School when Booth "reintroduced himself to the plaintiff." ¶¶ 5, 6. The Complaint contains the following allegations concerning the actions of Booth:
 7. Commencing on or about the Fall of 1988, and continuing through approximately the Fall of 1990, Gary Booth fostered a relationship with the plaintiff, Christopher R. Coupe, in which he, Gary Booth, increasingly gained the confidence and control of Christopher R. Coupe, through the use of alcohol, drugs and emotional ploys.
 8. Commencing on or about the Fall of 1988, and continuing through approximately the Fall of 1990. Gary Booth wilfully and systematically abused the plaintiff. Christopher R. Coupe, by plying him with alcohol and drugs and then perpetrating, coercive and forced sex on him.
 9. Gary Booth coerced the plaintiff. Christopher R. Coupe. to engage in sex with other men and boys.
 10. Gary Booth video recorded and photographed and, or caused to be video recorded and photographed the plaintiff having sex and in sexually explicit poses.
 11. Gary Booth received money and valuable goods from individuals with whom the plaintiff, Christopher R. Coupe, was forced to have sex.
 12. Gary Booth used undue influence, threats and duress to prevent the plaintiff, Christopher R. Coupe, from notifying anyone of the sexual abuse.
 13. Because of Gary Booth's undue influence, threats and duress, the plaintiff, Christopher R. Coupe, was unable to notify and disabled from notifying anyone of the sexual abuse until July of 1992 when he was contacted by a FBI agent and a local police officer who had possession of CT Page 2002 photographs in which he, the plaintiff, was depicted engaged in sexual activities with Gary Booth.
Counts One and Six allege negligence in that the Board failed to use reasonable care in evaluating Gary Booth and his fitness to teach. Failed to supervise the activities of Gary Booth, knew or should have known of the alleged sexual activities, and failed to investigate complaints regarding Gary Booth s behavior. Count One ¶ 15, Count Six ¶ 15.
Counts Two and Seven allege vicarious liability based upon the doctrine of respondeat superior. Counts Three and Eight allege liability for damages pursuant to Connecticut General Statutes § 10-235. Counts Four and Nine allege recklessness, and Counts Five and Ten allege an intentional tort by the Board. The defendant has moved to strike Counts Two, Three, Four, Five and Counts Seven, Eight, Nine and Ten.[1]
Discussion of Law and Ruling
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152: Ferryman v. Groton,212 Conn. 138, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby. 215 Conn. 345, 348,576 A.2d 149 (1990); Blancato v. Feldspar Corp., 203 Conn. 34,36, 522 A.2d 1235 (1987).
Under the doctrine of respondeat superior, a master is liable for the wilful torts of his servant committed within the scope of the servant's employment and in furtherance of his master's business. Cardona v. Valentin, 160 Conn. 18, 273 A.2d 697 (1970);Antinozzi v. A. Vincent Pepe Co., 117 Conn. 11, 13, 166 A. 392
(1933): Son v. Hartford Ice Cream Co., 102 Conn. 696, 699,129 A. 778 (1925) Larsen Chelsey Realty co. v. Larsen, 232 Conn. 480,500, 656 A.2d 1009 (1995). But it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply. Mitchell v.Resto, 157 Conn. 258, 262, 253 A.2d 25 (1968); A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 208 208, 579 A.2d 69 208
"While a servant may be acting within the scope of his CT Page 2003 employment when his conduct is negligent, disobedient and unfaithful'; Butler v. Hyperion Theatre Co., 100 Conn. 551, 554,124 A. 220 (1924), quoting Loomis v. Hollister, 75 Conn. 718, 723,55 A. 561 (1903); that does not end the inquiry. Rather, the vital inquiry in this type of case is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business . . . . Butler v. HyperionTheatre Co., supra. 556." A-G Foods, Inc. v. Pepperidge Farm,Inc., 216 Conn. 200, 210, 579 A.2d 69 208. Unless the employee is actuated at least in part "'by a purpose to serve a principal, the principal is not liable. Meyers v. National Detective Agency,Inc., 281 A.2d 435, 437 (D.C.C.A. 1971), quoting M.J. Uline Co.Cashdan, 84, U.S.App.D.C. 58, 59, 171 F.2d 132, 133 (1948)."International Distributing Corporation v. American DistrictTelegraph Co., 569 F.2d 136, 139 (D.C. Cir. 1977).
Whether the employee was acting within the scope of his authority is often a question of fact. However, where the alleged acts of the employee are very clearly outside of the scope of his authority, the Courts of this state have considered the issue to be one of law. Brown v. Housing Authority, 23 Conn. App. 621,628, 583 A.2d 643 (1990). In Brown the plaintiff and Sam Jones, a maintenance mechanic employed by the defendant. were involved in an altercation which began when the plaintiff asked Jones, who was driving a van owned by the defendant to a job site, to move his vehicle, which was blocking traffic. The two men exchanged words. When Jones refused to move the van, the plaintiff drove around it. Jones followed the plaintiff in the van, rear-ending the plaintiff's car several times. The plaintiff stopped his car and got out to speak with Jones. Jones also exited his vehicle, grabbed a hammer, chased the plaintiff around the car and struck him on the chest with the hammer, seriously injuring the plaintiff. In affirming a summary judgment in favor of the defendant employer, the Court said:
 It is clear in the present case that Jones was not furthering the defendant's business interests when he assaulted the plaintiff. His intentional, criminal acts were in no way connected to the defendant's business. The mere fact that Jones was driving from one job site to another when the assault took place does not change this analysis."' In the course of his employment' means while engaged in the service of the master, and it is not synonymous with the phrase `during the period covered by his CT Page 2004 employment. "Levitz v. Jewish Home for the Aged. Inc., 156 Conn. 193, 198, 239 A.2d 490 (1968). As there were no facts before the court from which it could conclude that Jones was furthering the defendant s interests, the defendant's nonliability under the theory of respondeat superior was properly determined as a matter of law.
23 Conn. App. at 628
Courts of this state have held as a matter of law that when the tortfeasor-employee's activity with the alleged victim became sexual, the employee abandoned and ceased to further the employer's business. Gutierrez v. Thorne. 13 Conn. App. 493,537 A.2d 527 (1988); Nutt v. Norwich Roman Catholic Diocese,921 F. Sup. 66 (D. Conn. 1995) Maule v. Sullivan, Hartford/New Britain J.D. at Hartford. No. CV-92-0517623S (Wagner. J.), 1993 Conn. Super. LEXIS 1994.
In Maule Judge Wagner found that an alleged sexual assault perpetrated on a hospital patient by a nurse was "clearly outside the scope of his employment." In granting the hospital's motion to strike the plaintiffs respondeat superior claim, Judge Wagner stated: "It is manifest that the alleged actions of Sullivan, a nurse, were so clearly outside the scope of his employment and not in furtherance of any interest of the hospital, that the allegations seeking to hold the hospital liable are insufficient as a matter of law." [citing Brown v. Housing Authority,23 Conn. App. 624. 628 (1990): Guttierrez v. Thorne, 13 Conn. App. 493,498-500 (1988)].
The complaint in this case fails to allege any facts to support the conclusory allegation that Gary Booth acted within the course of his employment. It merely alleges that Booth was a teacher who had once taught Coupe. It does not allege that the improper activity occurred while Booth was at school teaching or even that the activity occurred on school grounds. Does a teacher in a school system who interacts at any time or place with a student in that same school system act "within the course of his employment"? Even if one accepts such an unconvincing premise. Booth's alleged sexual activity clearly did not further any interest of the East Hartford Board of Education. Therefore, under Gutierrez, Nutt and Maule, the plaintiff has failed to state a cause of action for respondeat superior. Therefore, Count Two and Count Seven are ordered stricken. CT Page 2005
Counts Three and Eight seek to recover under Connecticut General Statutes § 10-235 which provides in pertinent part:
 Indemnification of teachers. . . . (a) Each board of education shall protect and save harmless any member of such board or any teacher . . . from financial loss and expense, including legal fees and costs. if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person. . . . which acts are not wanton, reckless or malicious, provided such teacher. . . . was acting in the discharge of his or her duties or within the scope of employment or under the direction of such board of education, . . .
The purpose of this statute was to make indemnification available to a board of education member or teacher. King v.Board of Education, 195 Conn. 90, 97, 486 A.2d 1111 (1985). A number of Superior Court decisions, including two involving the East Hartford Board of Education and Gary Booth, have held that § 10-235 does not provide for a direct cause of action by a plaintiff against a school Board. Carrington v. Sullivan,3 Conn. L. Rptr. 232, 235 (January 29, 1991, Hennessey, J.); Marotto v.Gaudet, 8 CSCR 83, 84 (January 19, 1993, Langenbach, J.); Littlev. Booth, No. CV 92-0514952S, 1993 WL 454202 (Dunn, J.); Ashlaw v.Booth, No. CV 90 0045313 S (Potter, J.).
In Marotto the court stated:
 [General Statutes § 10-235] gives the right of indemnification to an employee of the board of education in certain circumstances, unlike General Statutes § 7-465a which reads in pertinent part that "the municipality shall pay on behalf of any such employee," which provides an injured plaintiff a direct cause of action against a municipality . . . . General Statutes § 10-235 does not provide the plaintiff with a direct cause of action against the Board, but it remains available to the defendants to seek indemnification. . . .:
This court agrees with the reasoning in Marotto, Carrington,Little and Ashlaw and, therefore. Grants the Motion to Strike Counts Three and Eight on the grounds that § 10-235 does not provide the plaintiff a direct cause of action against the Board. CT Page 2006
Counts Four and Nine allege that the Board acted recklessly and Counts Five and Ten allege that the Board acted Intentionally with respect to the plaintiff. The defendant moves to strike those Counts because they allege no facts which, if proved, would constitute reckless or intentional conduct.
The Court in Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988), gave the following definition of recklessness:
 "Recklessness is a state of consciousness with reference to the consequences of one's acts. Commonwealth v. Pierce, 138 Mass. 165, 175 [1884]. . . . It is `more than negligence, more than gross negligence.' Bordonaro v. Senk, 109 Conn. 428, 431, 147 A. 136 [1929]. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." Mooney v. Wabrek, 129 Conn. 302, 308, 27 A.2d 631 (1942).
Count Four incorporates the first fourteen paragraphs of Count One. Those paragraphs allege that Coupe did not tell anyone about Booth's abuse until he was questioned by the FBI in 1992 (¶ 13), which was two years after the relationship with Booth allegedly ended, and that the Board "knew or should have known that Gary Booth was engaged in inappropriate and unprofessional conduct with the plaintiff. . . ., since numerous actions taken by Gary Booth while he was employed as a teacher by the East Hartford School system put the defendant . . . on notice as to such conduct and because said Board. . . . . had received a specific complaint by a parent of a child who had been involved in an inappropriate relationship with Gary Booth." (¶ 14).
Count Four adds the allegations that the Board knew that Booth had fostered a harmful relationship with a young male student in 1979-1980, failed to put anything in Booth's personnel file regarding that relationship and failed to warn other parents that Booth might foster relationships with their sons. The foregoing are merely allegations of negligence, not recklessness.
If the Board actually knew that Booth had fostered a relationship with Coupe and failed to take any action to warn Coupe or his parents about Booth's propensities, that might possibly constitute reckless conduct. Paragraph 13 of Count Four CT Page 2007 alleges that Coupe told no one of his relationship with Booth until 1992, implying that the Board could not have known about the relationship prior to that time. However paragraph 15. c. alleges that the Board "knowing that Gary Booth had previously fostered a harmful relationship with a young male student, and knowing that Mr. Booth had fostered a similar relationship with Christopher R. Coupe, as learned through meetings with the plaintiff, Pamela J. Coupe [Christopher's mother], failed to warn the plaintiff of the danger posed by Mr. Booth and also failed to direct Mr. Booth to discontinue the relationship. " The foregoing allegation is vague, stating neither the time at which Pamela Coupe allegedly advised the Board about Booth's relationship with the plaintiff, or what information she provided about that relationship. In considering a motion to strike, the court must construe the factual allegations in a manner most favorable to the plaintiff. When that is done, Count Four does allege, albeit barely and vaguely, conduct which might constitute recklessness. For the foregoing reasons the Motion to Strike Counts Four and Nine is denied.
Counts Five and Ten allege an intentional tort by the Board. An intentional act must have been designed to cause the resultant injury. "While an act to be reckless must be intended by the actor, the actor does not intend to cause the harm which results from It." Mingachos v. CBS, Inc., 196 Conn. 91, 103, 491 A.2d 368
(1985) (quoting 3 Restatement (Second). Torts § 500. comment f (1985). "[T]he mere knowledge and appreciation of risk, short of substantial certainty, is not the equivalent of intent. The defendant who acts in the belief or consciousness that he is causing an appreciable risk of harm to another may be negligent, and if the risk is great his conduct may be characterized as reckless or wanton, but it is not classified as an intentional wrong." Mingachos, supra. "[A] strong probability is a different thing from a substantial certainty without which he cannot be said to intend the harm in which his act results." Id. See alsoAmerican National Fire Insurance Co. v. Schuss, 221 Conn. 768,777 (1992); Polmatier v. Russ, 206 Conn. 229 (1988); Altieri v.Colasso, 168 Conn. 329, 334 (1975).
Counts Five and Ten contain essentially the same allegations as Counts Four and Nine. Those allegations are barely sufficient to state a cause of action in recklessness. They are insufficient to state a cause of action for intentional conduct. Counts Five and Ten are hereby ordered stricken. CT Page 2008
By the court Aurigemma J.