[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by plaintiff to recover for damage to her 1994 Honda automobile allegedly caused by the negligence of the defendant. The defendant has denied the essential allegations of the complaint and filed a counter-complaint in which he alleges that the 1995 Lexus automobile being operated by him was damaged as a result of the negligence of the plaintiff. Plaintiff has denied this claim and the matter came before the court for trial without jury.
From the evidence and the reasonable inferences which may be drawn from such evidence, the following facts are found.
On the afternoon of March 21, 1997, the plaintiff was operating her 2 door Honda automobile in a southerly direction on Pequot Avenue in the City of New London. Defendant was driving behind plaintiff in his Lexus automobile in the same southbound lane. Both vehicles were being operated at a reasonable speed.
Pequot Avenue, in that area, was a two-lane, hard surface city street about thirty to thirty-five feet in width with no white center line. There were no other vehicles in the immediate vicinity. Lighting conditions were good. The weather was fair and the pavement was dry.
Justin Douglas, who resides at 764 Pequot Avenue, was a passenger in the plaintiff's vehicle. Seven sixty-four Pequot Avenue was on the easterly side of Pequot Avenue and plaintiff was desirous of making a left turn across the width of the highway into the driveway of 764 Pequot Avenue. While executing the turn, plaintiff's vehicle was struck on the left side in the door area by the right front fender of defendant's vehicle causing damage to both vehicles.
The cause of the accident is in dispute. From the better evidence, it is determined that the following occurred.
To execute the left turn, plaintiff reduced speed of her vehicle and maneuvered her vehicle toward the right edge of the roadway. She then turned to the left intending to complete the left turn. CT Page 11242
Defendant, who was following plaintiff's vehicle, observed her reduce speed and pull towards the right edge of the roadway. He reasonably concluded that plaintiff was intending to park on the right side of the street and proceeded to pass to the left of her vehicle. When plaintiff turned to the left, the collision occurred.
The above-conclusion as to the cause of the accident is based upon evidence which tends to corroborate defendant's version of the accident. This evidence indicated that at the time of the collision, defendant's vehicle was mostly still in the southbound lane and plaintiff's vehicle was within the southbound lane. Defendant's vehicle struck plaintiff's vehicle a glancing blow with the initial point of impact being in the center of plaintiff's car at the door.
General Statutes § 14-241 requires that in making a left hand turn, on a highway such as Pequot Avenue, a driver must move to "that portion of the right half of the highway nearest the center line." The statute requires that the left hand turn be made from the center line of the highway. If plaintiff had followed the statute it would have been almost impossible for the collision to have occurred as it did where it did. Plaintiff's failure to execute the left turn in accordance with the statute caused the accident.
There was a question as to whether or not plaintiff activated her left turn signal prior to the accident. The better evidence leads to the conclusion that plaintiff did not signal the left turn for one hundred feet before attempting to make the turn as required by General Statutes § 14-242. It is more likely that the signal was turned on at the time the hazard light was activated after the collision.
It then must be further concluded that the allegations of negligence in the counter-complaint have been proven. Butler v.Hyperion Theater Co., Inc., 100 Conn. 551, 559 (1924). Such negligence was the proximate cause of the damage to the defendant's vehicle. Edgerton Sons, Inc. v. Minneapolis Fireand Marine Ins. Co., 142 Conn. 669, 673 (1955).
The parties have stipulated that defendant sustained damages in the amount of $6,631.74.
Accordingly, judgment is rendered on the complaint for the CT Page 11243 defendant and on the counter-complaint for the defendant in the amount of $6,631.74.
Joseph J. Purtill, Judge Trial Referee