HARRY LEVITZ *v.* JEWISH HOME FOR THE AGED, INC., ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued February 8—decided February 27, 1968

*Alexander Winnick,* for the appellant (plaintiff).

*John E. McNerney* and *Charles G. Albom,* for the appellee (named defendant).

THIM, J. This is a negligence action in which the plaintiff seeks to recover damages for injuries sustained by him in consequence of the alleged negligent operation of an automobile by the defendant Igors Blankenfeld, who was alleged to have been acting within the scope of his employment as the agent and employee of the Jewish Home for the Aged, Inc., hereinafter referred to as the Home. Prior to the trial to the jury, Blankenfeld was defaulted for failure to appear. He did, however, in response to a subpoena, appear as a witness and testified on the trial. Upon the completion of the evidence, the Home moved for a directed verdict, which the trial court denied. The jury returned a verdict for the plaintiff against both defendants. The Home moved, pursuant to Practice Book § 255, to set aside the verdict against it and for a judgment in its favor notwithstanding the verdict. The trial court granted the motion on the sole ground that the evidence was such as to warrant only one conclusion, namely, that at the time of the incident, Blankenfeld was not acting on behalf of the Home. From the judgment rendered, the plaintiff has appealed.

The complaint alleged and the Home admitted that Blankenfeld was the owner of the car which struck the plaintiff. Thus, the provisions of § 52-183 of the General Statutes, which raise a rebuttable presumption that when the operator of a motor vehicle is other than the owner he is presumed to be the agent of the owner, were not applicable. The Home denied the allegation that Blankenfeld was

operating his automobile at the time of the accident in the course of his employment for the Home. The denial of this allegation placed upon the plaintiff the burden of proving it. *Baptist* v. *Shanen,* 145 Conn. 605, 609, 145 A.2d 592.

To make the Home responsible for Blankenfeld's negligent act, the plaintiff was required to prove that at the time of the plaintiff's injuries Blankenfeld was performing a service for the Home in furtherance of its business. *Pacific Telephone & Telegraph Co.* v. *White,* 104 F.2d 923, 926 (9th Cir.); *Turner* v. *American District Telegraph & Messenger Co.,* 94 Conn. 707, 713, 714, 110 A. 540; *Stone* v. *Hills,* 45 Conn. 44, 47; Restatement (Second), 1 Agency § 228.

The plaintiff offered evidence to prove the following facts: The Home owns a piece of land with a building thereon on the north side of Davenport Avenue in New Haven. The Home maintains the premises for the purpose of taking care of elderly persons, male and female, and of tending to their physical needs. Nurses and male orderlies are employed by the Home to assist in this undertaking. The plaintiff was an inmate of the Home. Blankenfeld was hired by the Home in 1959. From 1959 to September 1, 1961, his duties were similar to those of a hospital orderly. He assisted nurses in lifting, cleaning and feeding male inmates. On September 1, 1961, and for approximately two months prior thereto, Blankenfeld owned an automobile. He usually parked it on public highways in the vicinity of the Home's premises because the Home did not maintain a parking area for its employees. At this time, he lived in a room on the premises. On September 1, 1961, Blankenfeld's car was parked on Davenport Avenue in front of the premises. At

3 p.m. on that date, he left his room and went to the office where he received his pay. He then left the premises and went to his parked vehicle. He entered his car for the purpose of using it in going downtown to pay some of his own bills. When he started the automobile, it went out of control, mounted a curb and struck the plaintiff, who was seated on the steps of the premises. Prior to September 1, 1961, Blankenfeld had on one occasion used his car in going on an errand pursuant to a request from his superior at the Home. When not on duty, he had occasionally given one or more of the inmates a short ride in his car.

From the aforementioned evidence, the jury could not reasonably conclude that Blankenfeld, in starting his car for the purpose of going downtown to pay his bills, was performing an act for the Home.

The plaintiff contends that evidence was presented serving to prove that, when Blankenfeld entered his vehicle, he was going to use it not only to go downtown and pay some of his own bills but also to use it in going on an errand for the Home. This contention is based on an answer given by Blankenfeld in response to questions propounded to him by the trial judge.

Blankenfeld was the only witness who gave testimony concerning the use of his automobile on September 1, 1961. The record indicates that he was foreign born and had difficulty in expressing himself in the English language. His testimony concerning the use of his car on Friday, September 1, 1961, was as follows:

Counsel for the plaintiff:

"Q What time that day was it you parked your car in front of the Jewish Home, when do you say it was?

"A   This was Friday, I remember, it pay day, you know.  It's 3:00 o'clock, we got paid.  I want to go pick up my pay.  First, I walk into office and pick up my pay.  I want to go with my car downtown to pay my bills, and then happened the accident when I started.

"Q   What time did the accident happen?

"A   3:00 o'clock, after 3:00 o'clock.

"Q   Did you work that day?

"A   No, this day was my day off, day off."

"The Court:  . . .  On September 1st, were you doing an errand for the Home?  Had you intended to do an errand for the Home on September 1st?  You said you were going downtown to pay some bills?

"The Witness:   Yes.

"The Court:  So you were planning to go downtown for your own benefit that afternoon?

"The Witness: Yes."

The plaintiff claims that it was for the jury to determine whether the answer "Yes" was as to one of the court's questions or to all three questions.

It is too speculative to assume that Blankenfeld intended to answer all three questions run together rather than the last of the three, which reasonably appears to supersede the first two.  The court's final question and the answer thereto clearly show that Blankenfeld intended that his answer "Yes" was only to apply to the third question which the trial judge asked him.  Nowhere in the record is there any testimony indicating that on September 1, 1961, the Home authorized Blankenfeld to do an errand for it or to use his car in performing any service for the Home.  The evidence is reasonably susceptible of but one conclusion, that is, that, at the time of the accident, Blankenfeld was not perform-

ing an act for the Home in furtherance of its business.

Blankenfeld testified that he did not work on September 1, 1961. The plaintiff claims that a payroll record of the Home indicates that Blankenfeld did work on September 1, 1961. Even if we were to assume that Blankenfeld had worked at his usual employment on the day of the accident, this fact, in the light of the other evidence, would not impose liability on the Home. Nor does the fact that Blankenfeld may have used his car to go on an errand for the Home prior to September 1, 1961, help the plaintiff. Before responsibility can attach to the Home, the relationship of master and servant must have existed at the time the injury was done to the plaintiff and Blankenfeld must have been acting in the course of his employment. "In the course of his employment" means while engaged in the service of the master, and it is not synonymous with the phrase "during the period covered by his employment." *Pacific Telephone & Telegraph Co.* v. *White,* 104 F.2d 923, 926 (9th Cir.).

In reviewing the action of the trial judge on the motion to set aside the verdict, we are concerned with whether the judge abused his legal discretion. *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352. We are satisfied that the trial judge did not abuse his discretion in concluding from the evidence that the jury could not reasonably and logically have found that the plaintiff's injuries were caused by Blankenfeld while he was going on an errand which had been authorized by the Home.

There is no error.

In this opinion the other judges concurred.