[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant, Dow Jones Company, Inc., seeks judgment on counts three and four of the plaintiffs' amended complaint filed on December 8, 1997. For the reasons stated below, the defendant's motion for summary judgment is denied.
 FACTS
In their amended complaint, the plaintiffs[1] allege the following facts. On January 24, 1997, at approximately 5:20 a.m., Kevin Ozark was driving westbound on Old Windsor Road in the town of Bloomfield. Simultaneously, Alan Rocklin was driving eastbound on Old Windsor Road in the town of Bloomfield, when he crossed over the center dividing line and struck Ozark's car head-on. Ozark incurred multiple injuries to his spinal cord and back that caused paralysis and quadriplegia. Additionally, Ozark suffered mental anguish, acute stress, nervousness, frustration, depression, loss of sleep, loss of appetite, severe shock to his nervous system and other injuries the extent of which are not yet known. Counts three and four of the plaintiffs' amended complaint allege that Rocklin was an agent, servant and/or employee of the defendant, Dow Jones Company, Inc.(Dow Jones or defendant), and was acting within the scope of his employment at the time of the accident.
On July 31, 2000, the defendant filed the present motion for summary judgment, contending that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. The motion for summary judgment was supported by a memorandum of law, the affidavit of John Ochoa and excerpts from the November 10, 1997 and June 28, 1999 depositions of Alan Rocklin. The plaintiffs timely filed an objection to the motion for summary judgment supported by a memorandum of law, excerpts from the November 10, 1997 and June 28, 1999 depositions of Alan CT Page 912 Rocklin, excerpts from the July 19, 2000 deposition of John Ochoa, the affidavits of Gregory Ozark and Leo M. Holowczak, the defendant's payroll records for the week ending July 29, 2000, a police incident report dated July 24, 1997, and the "Hartford Operation Payroll Summary Week Ending 7/29/97". The court heard oral argument at short calendar on October 23, 2000, and now issues this opinion
 STANDARD OF REVIEW
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732, 751-752,660 A.2d 810 (1995). To defeat the motion, the plaintiffs "must recite specific facts which contradict those stated in [the defendant's] affidavits and documents." (Internal quotation marks omitted.)Connecticut National Bank v. Great Neck Development, 215 Conn. 143, 148,574 A.2d 1298 (1990).
"A `genuine' issue has been variously described as a `triable', `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted.)United Oil Co. v. Urban Redevelopment Commission of City of Stamford,158 Conn. 364, 378, 260 A.2d 596 (1969). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Id., 379. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988).
In this case, the litigants have relied on deposition testimony, as well as other exhibits, to support their respective positions. Our Appellate Court has noted that, in some instances, summary judgment can be supported by deposition testimony. See Tryon v. Town of North Branford,58 Conn. App. 702, 716, 755 A.2d 317 (2000). CT Page 913
 DISCUSSION
The Supreme Court has stated, in considering whether an employer may be held liable for the tort of an employee that "[b]efore responsibility can attach to the [employer], the relationship of master and servant must have existed at the time the injury was done to the plaintiff and [the employee] must have been acting in the course of his employment. `In the course of his employment' means while engaged in the service of the master, and it is not synonymous with the phrase `during the period covered by his employment.'" Levitz v. Jewish Home For The Aged, Inc.,156 Conn. 193, 198, 239 A.2d 490 (1968). Also, "it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 208, 579 A.2d 69 (1990). In most cases, whether or not an employee was acting within the scope of his employment is to be resolved by the trier of fact. See Brown v. HousingAuthority, 23 Conn. App. 624, 628, 583 A.2d 643 (1990), cert. denied,217 Conn. 808, 585 A.2d 1233 (1991).
Therefore, the question before the court in the present case is does a genuine issue of material fact exist as to whether Rocklin was acting within the scope of his employment at the time of the accident. The defendant argues in its motion for summary judgment that the facts conclusively establish that the accident occurred after completion of Rocklin's delivery route and, thus, was not within the scope of his employment with the defendant. In support of this argument the defendant cites the affidavit of John Ochoa, the defendant's circulation manager, in which he avers that Rocklin was driving his own personal vehicle at the time of the accident. Furthermore, Ochoa avers that the location of the accident as described in the police accident report is several miles away from the areas which comprised Rocklin's delivery route. The defendant also relies on the deposition of Rocklin himself in which he states that, at the time of the accident, he had fully completed his delivery route and was traveling to his other employer. As a result, the defendant contends that the evidence does not present a genuine issue of material fact.
However, the plaintiffs contradict the defendant's argument. First, they cite Rocklin's deposition wherein he states that, after completing his route, there normally would be no extra papers left in his car. Then the plaintiffs rely on the affidavit of Gregory S. Ozark, brother of Kevin Ozark, in which he avers that he observed several Wall Street Journal newspapers on the back seat of Rocklin's Buick at the garage where the car was towed after the accident. Second, the plaintiffs reference the deposition of Ochoa, who stated that the only reason the defendant would not pay an employee who picked up the papers and began CT Page 914 his route would be if the employee did not complete the route. The plaintiffs also cite the payroll records produced by the defendant, which they argue indicate that Rocklin was not paid for Thursday, July 24, 1997, the day of the accident. The plaintiffs assert that these facts establish that Rocklin never finished his route on the day in question and thus was still acting within the scope of his employment when the accident occurred.
In its reply memorandum, the defendant argues that the evidence put forth by the plaintiff does not establish a material factual dispute as to whether Rocklin was acting within the scope of his employment. More specifically, the defendant argues that Gregory Ozark's affidavit does not establish that the newspapers he observed were from the day in question. Furthermore, the defendant argues that the payroll records do not establish whether Rocklin was paid for Wednesday or Thursday of the week in question, only that he was not paid for both. The parties' presentations reflect that the facts are not clearly established on these points.
The defendant's presentation relies heavily on the testimony by Rocklin, in his deposition, that he had completed his route before the accident occurred. On a host of related subjects, Rocklin testified that he had no recollection. For example, he could not recall the route. The court is not bound to accept as an established fact Rocklin's stated recollection concerning the completion of his route in the face of the many instances in which he stated that he could not recall related matters. Deposition testimony often "calls into question the credibility of the deponent." Tryon v. Town of North Branford, supra,58 Conn. App. 716. As stated above, the burden is on the defendant to prove the absence of a genuine issue of material fact. See Miles v. Foley, supra, 253 Conn. 386.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. When the evidence in the present action is viewed in the light most favorable to the plaintiffs it becomes apparent that the question of whether Rocklin was acting within the scope of his employment presents a genuine issue of material fact. The court finds that there is a sufficient evidentiary foundation to demonstrate the existence of a genuine issue of material fact as to whether Rocklin was acting within the scope of his employment for the defendant when the accident in question occurred.
 CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment CT Page 915 on counts three and four of the plaintiffs' amended complaint is denied. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT