Lisa J. GIRDEN, Plaintiff–Appellant,

v.

SANDALS INTERNATIONAL, David Titus, Sandals Group, Sandals Antigua, Andrew E. Holm, Ltd. and Dickenson Bay Hotel Management, Defendants–Appellees.

Docket No. 02–7879.

United States Court of Appeals, Second Circuit.

May 29, 2003.

Eugene L. Girden, New York, NY, for Plaintiff–Appellant.

David B. Newman, Edward J. Reich, Sonnenschein Nath & Rosenthal, New York, NY, for Defendants–Appellees.

Present: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Lisa Girden appeals from an order of the United States District Court for the Southern District of New York (Whitman Knapp, *J.*), granting a motion for summary judgment in favor of Defendants–Appellees Sandals International, Sandals Group, Sandals Antigua, Andrew E. Holm, Ltd., and Dickenson Bay Hotel Management (collectively "Sandals Defendants"). For the reasons that follow, we affirm.

In August 1996, Plaintiff and her then-fiancé (now husband) were vacationing in the Caribbean and bought a one-day guest pass to the Sandals Antigua resort, which allowed them to take advantage of the resort's amenities. Plaintiff arranged to take a sailing lesson from David Titus, an

employee of the resort. Plaintiff alleges that, after navigating the small boat into the open sea, Titus sexually assaulted her. Plaintiff contends that she suffered physical and emotional injuries from the sexual assault and the false imprisonment. She sued Titus and the Sandals Defendants for personal injury, unlawful imprisonment, and civil rights violations. As against the Sandals Defendants, the complaint alleged (1) liability based on negligent hiring, training, and supervision of Titus, and (2) vicarious liability.

A jury trial ended with a verdict in favor of the defendants. On Plaintiff's first appeal, we concluded that the district court's jury instructions were erroneous and prejudiced Plaintiff and, accordingly, we vacated the judgment and remanded for a new trial. *Girden v. Sandals, Int'l ("Girden I")*, 262 F.3d 195 (2d Cir.2001). In dicta, we noted certain principles of New York law on vicarious liability, and, "[taking] no position on how these principles should be applied" to the case, directed that "the district court should take these principles into account in resolving the matter" if the Sandals Defendants contested vicarious liability on remand. *Id.* at 205–206.

After the case was remanded, the Sandals Defendants moved for summary judgment on the ground that, because any sexual assault by Titus against Plaintiff was beyond the scope of Mr. Titus's employment, the Sandals Defendants could not be held vicariously liable for such conduct. Following additional discovery, briefing, and oral argument, the district court granted the Sandals Defendants' motion and dismissed Plaintiff's complaint in its entirety. Applying Connecticut law,[1]

the district court concluded (1) that the Sandals Defendants were not vicariously liable for the actions of Defendant David Titus because those actions were outside the scope of Titus's employment, and (2) that Plaintiff failed to raise a genuine issue of material fact to support her claim that the Sandals Defendants were directly liable for negligent hiring, training, or supervision of Titus. This appeal followed.

As an initial matter, we reject Plaintiff's argument, made for the first time on appeal, that, because we remanded the case "for a new trial," the district court violated our mandate by disposing of the matter on a motion for summary judgment. Because this issue was not raised below, of course, we need not consider it here. *Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). But in any event, Plaintiff's argument fails on the merits. *See Wakefield v. Northern Telecom, Inc.,* 813 F.2d 535, 540 (2d Cir.1987), *abrogation on other grounds recognized by Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250 (2d Cir.1997) (noting that, although the case was remanded for a new trial, "if further discovery proceedings on remand had revealed an undisputed fact conclusively precluding the entry of judgment in [the plaintiff's] favor," summary judgment could have been entered).

On the issue of vicarious liability, Connecticut courts "have long adhered to the principle that in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business." *A–G Foods, Inc. v. Pepperidge Farm, Inc.,* 216 Conn. 200, 208, 579 A.2d 69, 73 (1990).

---

1. Although our first opinion spoke of New York law, the district court on remand proceeded on the assumption, and the parties agreed at oral argument in this appeal, that *Connecticut* law applies. We therefore apply Connecticut law, and express no view on which law—New York, Connecticut, or Antiguan—would apply were there no such agreement.

Moreover, " '[i]n the course of his employment' means while engaged in the service of the master, and it is not synonymous with the phrase 'during the period covered by his employment.' " *Levitz v. Jewish Home for Aged, Inc.*, 156 Conn. 193, 198, 239 A.2d 490, 492 (1968). Rather, "it must be the affairs of the principal, and not solely the affairs of the agent, which are being furthered in order for the doctrine to apply." *A–G Foods*, 216 Conn. at 208, 579 A.2d at 73 (quotation marks and citation omitted). "The servant may be engaged in the execution of his master's business within the scope of his employment [even when], in conducting that business, he is negligent, disobedient and unfaithful [to the master's instructions or directives]." *Butler v. Hyperion Theater Co.*, 100 Conn. 551, 124 A. 220, 221 (1924) (quotation marks and citation omitted). Therefore, "the vital inquiry ... is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was [instead] engaged in an abandonment of the master's business." *A–G Foods*, 216 Conn. at 210, 579 A.2d at 74.

Applying this distinction—between *conducting* of the master's business (albeit in an unauthorized or misguided way) and *abandoning* the master's business—Connecticut courts have often refused to hold an employer vicariously liable for sexual misconduct by its employees, finding that the sexual assault occurs only after the servant has abandoned the master's business. *See, e.g., Reynolds v. Zizka*, 1998 WL 123047, at *3 (Conn.Super.Mar.5, 1998); *Coupe v. East Hartford Bd. of Educ.*, 1998 WL 83230, at *2–3 (Conn.Super.Feb.17, 1998); *Maule v. Sullivan*, 1993 WL 307579, at *1 (Conn.Super.Aug.9, 1993); *Gutierrez v. Thorne*, 13 Conn.App. 493, 498–99 537 A.2d 527, 530–31 (Conn.

App.1988). In *Mullen v. Horton*, 46 Conn. App. 759, 700 A.2d 1377 (Conn.App.1997), however, a vicarious liability claim based on an employee's sexual misconduct survived summary judgment. In *Mullen*, the employee, while providing the plaintiff "with a combination of pastoral, spiritual and psychological counseling," began a sexual relationship with her. *Id.* at 761–62, 700 A.2d at 1379. The appellate court refused to grant summary judgment to the employer, reasoning that "a trier of fact could reasonably determine that [the employee's] sexual relationship with the plaintiff was a misguided attempt at pastoral-psychological counseling, or even an unauthorized, unethical, tortious method of pastoral counseling, but not an abandonment of church business." *Id.* at 765–66, 700 A.2d at 1380–81.

Plaintiff does not contend that the alleged sexual assault derived from an effort by Titus to conduct the business of his employers. Rather, Plaintiff claims only that Titus was on duty, and was assigned to give Plaintiff a sailing lesson, at the time that he "deviated from the proper discharge of his duties" and sexually assaulted her. The district court properly concluded that this was insufficient to raise a genuine issue of material fact with respect to the Sandals Defendants' vicarious liability, and therefore did not err in granting the Sandals Defendants' motion for summary judgment on those claims.

The district court also dismissed Plaintiff's claims against the Sandals Defendants for liability based on direct negligence. The court held that Plaintiff did not raise a triable issue of fact as to whether the Sandals Defendants failed to exercise reasonable care in hiring, training, and supervising Titus.[2] As the court

---

**2.** Although the Sandals Defendants' motion

for summary judgment addressed only the

correctly noted, Plaintiff proffered no evidence to establish what would constitute "reasonable care" in the hiring, training, or supervision of resort employees, no evidence to show that the Sandals Defendants failed to exercise such care, and no evidence to demonstrate that the Plaintiff's injury would have been avoided if the Sandals Defendants had exercised such care. Summary judgment was therefore appropriate.

We have considered all of Appellant's claims and find them meritless. We therefore AFFIRM the judgment of the district court.

issue of vicarious liability, the district court granted summary judgment on the direct negligence claims as well. The court had allowed Plaintiff, at her request, additional discovery on the negligence claims prior to ruling on the summary judgment motion, and Plaintiff at oral argument conceded that those claims were properly before the district court.